UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **ABEL PENA** | |
| **VS.** | **C.A. No.: 2:16-cv-00501** |
| **AMERICAN ZURICH INSURANCE COMPANY** | |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Abel Pena files this Original Complaint for Declaratory Judgment, asking the Court to hold:

1. That the waiver of subrogation contained in the workers compensation policy Defendant American Zurich Insurance Company issued to Mesa Southern Well Servicing is applicable to Plaintiff Abel Pena's settlement of his claims arising out of a workplace injury;

2. That Plaintiff Abel Pena has no obligation to repay or reimburse Defendant American Zurich Insurance Company for any of the workers compensation benefits paid on his claim; and

3. That Defendant American Zurich Insurance Company is not entitled to a "holiday" or a credit against future benefits as a result of Plaintiff Abel Pena's settlements of his claims arising out of a workplace injury.

**1.0**

**PARTIES**

1.1 Plaintiff Abel Pena is an individual and a citizen of the State of Texas.

1.2 Defendant American Zurich Insurance Company is an corporation and a citizen of the State of Illinois. It may be served through its attorney for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin TX 78701-3218.

**2.0**

**JURISDICTION AND VENUE**

2.1 This Court has diversity jurisdiction pursuant to the United States Constitution and 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00.

2.2 Defendant is deemed to reside in the Southern District of Texas because it is amenable to jurisdiction in the Southern District of Texas. 29 U.S.C. § 1391(a)(1), (c). Therefore, venue is proper in the Southern District of Texas.

2.3 A second basis for venue is that this dispute arises out of the settlement of a lawsuit filed in Jim Wells County, which lies within the Southern District of Texas.

2.4 A third basis for venue is that Abel Pena's workplace injury occurred in McMullin County, Texas, which lies within the Southern District of Texas.

2.5 Defendant American Zurich Insurance Company is subject to personal jurisdiction in Texas. It purposefully avails itself of the benefits of the Texas forum by marketing to Texas companies, issuing policies in Texas, and collecting premiums from Texas.

2.6 This declaratory judgment action arises out of Defendant American Zurich Insurance Company's Texas contacts. It involves a policy issued in Texas to a Texas company, a claim that occurred in Texas, a Texas workers compensation claim, and an attempt for force a Texas citizen to pay subrogation that is not due and owing.

**3.0**

**FACTS**

3.1   Defendant Zurich North American Insurance Company issued a workers compensation insurance policy to Mesa Southern Well Servicing, L.P. A copy of that policy is attached as Exhibit 1.

3.2   The workers compensation policy contained a "Texas Waiver of Our Right to Recover from Others Endorsement." That endorsement provided:

> **TEXAS WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS ENDORSEMENT**
>
> This endorsement applies only to the insurance provided by the policy because Texas is shown in Item 3.A. of the Information Page.
>
> We have the right to recover our payments from anyone liable for an injury covered by this policy. We will not enforce our right against the person or organization named in the Schedule, but this waiver applies only with respect to bodily injury arising out of the operations described in the Schedule where you are required by a written contract to obtain this waiver from us.
>
> This endorsement shall not operate directly or indirectly to benefit anyone not named in the Schedule.
>
> The premium for this endorsement is shown in the Schedule.
>
> Schedule
>
> (X) Blanket Waiver
>
> Any person or organization for whom the Named Insured has agreed by written contract to furnish this waiver.
>
> ALL PERSONS OR ORGANIZATIONS

3.3   Mesa Southern Well Servicing, L.P. entered into a Master Service Agreement with SEA Eagle Ford, LLC. A copy of the Master Service Agreement is attached as Exhibit 2.

3.4   The Master Service Agreement contained a waiver of subrogation requirement. Specifically, Exhibit A to the Master Service Agreement provided:

**EXHIBIT "A"**
Insurance Classification and Limits

| Requirements | | | Basic Required Minimum Insurance Coverage & Limits | Limits | | | |
|---|---|---|---|---|---|---|---|
| Addl Insured | Waiver Subro. | Primary | | Category 1 | Category 2 | Category 3 | Category 4 |
| | X | X | Workers' Compensation | Statutory | Statutory | Statutory | Statutory |

3.5 On March 15, 2014, Plaintiff was severely burned in a workplace explosion while in the course and scope of his employment with Mesa Southern Well Servicing.

3.6 The explosion occurred in McMullen County, Texas.

3.7 Defendant American Zurich Insurance Company paid both medical and indemnity benefits on Abel Pena's claim arising out of the March 15, 2015 explosion.

3.8 As of July 15, 2016, Defendant American Zurich Insurance Company has asserted a workers

> \* Requirements should be in favor of the "Company" which is defined as, "Company, its contractors (other than Contractor and its subcontractors of any tier) and subcontractors of any tier, co-interest owners, joint venturers, co-lessees, and invitees, and its/their Affiliates, shareholders, officers, directors, employees (including the Company representative at the work site whether a consultant or not), agents, consultants, and servants."

compensation lien in the amount of $585,419.60. A copy of the letter from American Zurich Insurance Company asserting the lien is attached as Exhibit 3.

3.9 Abel Pena brought suit against Sundance Energy, Inc., SEA Eagle Ford, LLC, and FESCO, Ltd. third-parties who he believed were responsible for the March 15, 2014 explosion.

3.10 Sundance Energy, Inc. is the parent and sole member of SEA Eagle Ford, LLC. As such, it is included in the waiver of subrogation provision of the Master Service Agreement as an "Affliate," "shareholder," and "invitee" of the company.

3.11 FESCO, Ltd. was a contractor on site, and therefore was included in the waiver of subrogation provision of the Master Service Agreement as a "contractor" and an invitee.

3.12 Abel Pena reached a settlement of his claims against SEA Eagle Ford, LLC, Sundance Energy, Inc., and FESCO, Ltd. However, he cannot fully disburse his settlement funds until the issue of whether Defendant has an enforceable subrogation lien is resolved.

3.13 Since at least February 2016, Abel Pena's counsel has repeatedly pointed out the waiver of subrogation provisions in the workers compensation policy and the Master Service Agreement.

3.14 Despite repeated letters, phone calls, and e-mails, Defendant American Zurich Insurance Company has refused to state whether it will honor the waiver of subrogation provision and

withdraw its claimed subrogaton lien.  Therefore, Plaintiff Abel Pena has been forced to file this lawsuit.

## 4.0
## REQUEST FOR DECLARATORY JUDGMENT

4.1   Plaintiff Abel Pena seeks a declaration under both Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202 that:

    A.   That the waiver of subrogation contained in the workers compensation policy Defendant American Zurich Insurance Company issued to Mesa Southern Well Servicing is applicable to Plaintiff Abel Pena's settlement of his claims arising out of a workplace injury;

    B.   That Plaintiff Abel Pena has no obligation to repay or reimburse Defendant American Zurich Insurance Company for any of the workers compensation benefits paid on his claim; and

    C.   That Defendant American Zurich Insurance Company is not entitled to a "holiday" or a credit against future benefits as a result of Plaintiff Abel Pena's settlements of his claims arising out of a workplace injury.

4.2   The "Texas Waiver of Our Right to Recover from Others Endorsement" states that subrogation is waived as to all persons and organizations, which is a blanket waiver of subrogation.

4.3   The "Texas Waiver of Our Right to Recover from Others Endorsement" also provides that there is a waiver of subrogation that applies whenever it is required by a written contract. The Master Service Agreement requires a waiver of subrogation, and the required waiver includes claims against SEA Eagle Ford, LLC, Sundance Energy, Inc., and FESCO, Ltd.

4.4   As a result of the "Texas Waiver of Our Right to Recover from Others Endorsement" and the Master Service Agreement, Defendant American Zurich Insurance Company has no right to subrogation or a credit against future benefits on Abel Pena's workers compensation claim.

## 5.0

## PRAYER

Abel Pena prays that the Court enter the declaration requested in his Complaint, and that the Court further enter judgment against Defendant for the attorneys' fees and costs Abel Pena incurs in prosecuting this action.

Respectfully submitted,

/s/ Michael R. Cowen
S.D. Tex ID No. 19967
Texas Bar No. 00795306
COWEN | MASK | BLANCHARD
62 E. Price Road
Brownsville, TX 78521
Telephone:  (956) 541-4981
Facsimile:   (956) 504-3674
E-Mail for filing: efilings@cmbtrial.com
Personal E-Mail: michael@cmbtrial.com

ATTORNEY-IN-CHARGE
FOR PLAINTIFF ABEL PENA